UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                                609-858-9360
Chief Judge, United States Bankruptcy Court

January 21, 2021

Albert Russo
CN 4853
Trenton, NJ 08650
*Standing Chapter 13 Trustee*

Douglas T. Tabachnik
Law Offices of Douglas T. Tabachnik, P.C.
63 West Main Street, Suite C
Freehold, NJ 07728
*Attorney for Debtors, Eric and Sharon Winnegrad*

      **Re:**    **Eric J. Winnegrad and Sharon Winnegrad**
               **Case No.: 19-22700**

Counsel:

This matter comes before the Court on the standing chapter 13 trustee's ("Trustee") objection to confirmation (ECF No. 59) of Eric and Sharon Winnegrad's (the "Debtors") chapter 13 modified plan ("Modified Plan") that was filed on November 25, 2020 (ECF No. 52). The Trustee objects to confirmation, citing feasibility concerns, to which Debtors filed a response (ECF No. 60) asserting their rights under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Court has considered the original pleadings provided by the parties and oral argument on January 5, 2021. For the reasons set forth below, confirmation is DENIED.

**I.**    **Background**

The facts of this case are well known to the parties and the Court, and therefore need not be repeated in great detail. Debtors filed for chapter 13 relief on June 27, 2019 and successfully

1

confirmed a plan on March 17, 2020 that provided for Debtors paying $3,264 for 24 months starting February 1, 2020 (ECF No. 35). In August 2020, creditor M&T Bank ("Bank") filed a motion seeking relief from the automatic stay on Debtor's residence located in Manalapan, New Jersey, which was granted on September 1, 2020.

On October 22, 2020, the Trustee filed a motion to dismiss Debtors' chapter 13 bankruptcy case for failure to make plan payments and because the Bank had obtained stay relief on Debtors' home (ECF No. 48). The Modified Plan was filed on November 25, 2020, to which the Trustee filed an objection. This Court heard oral argument on January 5, 2021. The Modified Plan proposes to make zero-dollar monthly contributions to the Trustee for approximately 24 months. Debtors intend to fund their plan through "future earnings." Debtors explain in a certification filed in support of the Modified Plan (ECF No. 50-1) that in February 2020, Mr. Winnegrad's employment as Director of Merchandise Support at Bed Bath and Beyond was terminated as a result of COVID-19 and other factors. He had received severance from Bed Bath and Beyond, but it ended, leaving him collecting only unemployment. Co-Debtor, Ms. Winnegrad, returned to work in September 2020 on a limited basis. With only unemployment and Co-Debtor's limited hours, Debtors are not able to remain current on the plan payments outlined in their originally confirmed plan.

Debtors contend that the provisions of CARES Act provide for the modification of a chapter 13 plan pursuant to the newly enacted provision of 11 U.S.C. § 1329(d). Debtors' construe this new provision to mean that there are only two requirements in order to confirm a modified chapter 13 plan consistent with the CARES ACT: (1) there must be a confirmed plan as of March 27, 2020; and (2) the debtor(s) must have suffered financial hardship due to the COVID-19 pandemic.

2

The Trustee objects to Debtors' Modified Plan for lack of feasibility and good faith, as the Modified Plan simply provides that the Debtors would not make any plan payments for two years, and then would resume payments, to be funded by "future earnings." Additionally, the Modified Plan provides for a cure of $72,799.36 arrears owing the Bank, which previously had obtained stay relief to proceed with foreclosure, without offering any details as to the manner and timing of the cure. This Court has concerns which are similar to those raised by the Trustee.

## II. CARES Act

The enactment of the CARES Act on March 27, 2020 provides for economic assistance to aid the American people through the public health emergency of COVID-19. Section 1329(d) of Title 11 of the United States Code, added to the Bankruptcy Code by § 1113(b)(1)(C) of the CARES Act, establishes the following:

> (1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon the request of the debtor if—
>
>> (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and
>>
>> (B) the modification is approved after notice and a hearing.
>
> (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.
>
> (3) Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1).

CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 281 (codified at 11 U.S.C. § 1329(d)). If a chapter 13 debtor confirmed his or her plan on or before March 26, 2020 pursuant to § 1329 and is experiencing or has experienced material financial hardship due to COVID-19, the debtor may seek to extend the plan for up to

seven years after the first payment of the original confirmed plan was due. The burden of proof is on the debtor to make a showing of financial hardship.

> Section 1325(a) sets forth the requirements of confirmation and provides that a court **"shall" confirm a plan if they are satisfied.** To achieve confirmation, the court must find that the chapter 13 plan: was proposed in **good faith**; complies with the Code; is **feasible**; and provides certain baseline treatment for secured and unsecured creditors. Additionally, the Debtor must: have commenced the case in good faith, have paid any outstanding filing fees, have filed all tax returns required by section 1308; and be current on any post-petition domestic support obligations.

*In re Roebuck*, 618 B.R. 730, 732 (Bankr. W.D. Pa. 2020) (internal footnotes omitted) (emphasis added). The debtor still has a responsibility under Federal Rule of Bankruptcy Procedure 3015(h) to serve a motion to modify a plan and give notice of a 21-day objection period on all interested parties. FED. R. BANK. P. 3015(h). The bankruptcy judge has discretion to approve or deny the proposed modified plan after such notice and a hearing. 11 U.S.C § 1329(d)(3). The CARES Act is silent on how the additional provision will affect plan payments over the extended period should confirmation be granted.

### III.    Analysis

"[When] interpreting a statute, the Court looks first to the statute's plain meaning and, if the statutory language is clear and unambiguous, the inquiry comes to an end." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992). "When the statutory language is not clear on its face, the statute must be construed to give effect, if possible, to every word and clause. In addition, when the plain meaning cannot be derived, the provision at issue must be viewed in the context of the statute as a whole." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 155 (3d Cir. 2009) (internal citations omitted). The issue before this Court is whether Congress, in crafting the CARES Act amendment to § 1329, intended to allow for lengthy moratoriums of chapter 13 plan obligations, as sought in this matter, without regard to feasibility.

4

Debtors assert that "there are **only two hurdles** required by the statute for plan modification: that there be a confirmed plan as of March 27, 2020; and that the Debtors suffered financial hardship due to the COVID-19 pandemic." (Debtors' Response to Trustee's Objection to Confirmation, ECF No. 60, p. 2) (emphasis added). The Debtors are correct that there must be a finding of these two factors in order to modify their chapter 13 plan pursuant to the CARES Act. However, Debtors' analysis of the statute falls short and ignores the plain and unambiguous language of § 1329(d)(1)(B), which mandates a notice and hearing, as well as compliance with the requirements of §§ 1322(a), 1322(b), 1323(c), and 1325(a) of the Bankruptcy Code. Debtors argument implies, without statutory support, that certain mainstay requirements, such as feasibility and good faith, are now irrelevant as to confirmability of a plan. This simply is not the case as § 1329(d) makes clear that this Court remains charged under § 1325(a) to determine if the modified plan has been filed in good faith and whether the Debtors will be able to make all payments due under the modified plan. 11 U.S.C. § 1325(a)(3) and (6). On the present record, this Court is unable to make such findings.

Debtors cite to the *Fowler* decision, in which two chapter 13 cases came before the court on debtors' respective motions to modify their chapter 13 plans pursuant to § 1329(d). *In re Fowler*, No. 16-31791-WRS, 2020 WL 6701359, at *2 (Bankr. M.D. Ala. Nov. 13, 2020). The trustee argued that because the debtors were delinquent in their payments and in arrears, they should not be permitted to modify and extend their respective plans. The court disagreed with the trustee's position and allowed the debtors to proceed with their modification. This Court notes that in *Fowler*, the debtors intended, through their modified plan, to reduce their monthly payments after extending their plans from 60 to 84 months—one debtor's plan payments would decrease from $238 monthly to $175 monthly, and the second debtor's $126 bi-weekly payment would

5

change to a $125 monthly payment. This is a significant factual distinction from the matter at bar. In the present case, Debtors seek to modify their monthly plan payments from $3,264 to zero dollars per month, over the next two years, rather than decrease and spread their plan payments out over additional time, all without identifying the mechanism for satisfying the plan obligations apart from a fleeting reference to "future earnings." Debtors' strategy undercuts the intention and purpose of the Bankruptcy Code and the CARES Act, leaving this Court to believe that the Modified Plan was brought in bad faith.

This Court does not question whether Debtors qualify for modification under § 1329(d)—their original plan was confirmed before March 27, 2020, and it appears from the provided certification, they are suffering material financial hardship due to COVID-19. However, Debtors must still propose a modified plan that conforms to the requirements of § 1325(a). Proposing a zero-dollar plan payment for two years is essentially requesting a moratorium on their chapter 13 plan, and Debtors can point to nothing in the record to suggest that they can make plan payments in two years. Nor does the Modified Plan adequately address the $72,799.36 arrearage claim of the Bank—which continues with its foreclosure proceeding against the Debtors' residence.

### IV.    Conclusion

For the foregoing reasons, the Court denies confirmation of Debtors' Modified Plan (ECF No. 52). The Trustee's motion to dismiss (ECF No. 48) shall be carried for thirty days, allowing the Debtors time to file a second modified plan that conforms to the CARES Act and the requirements under the Bankruptcy Code. The Court will enter an order in accordance with this ruling.

*Michael B. Kaplan*

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Dated: January 21, 2021